**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

**JERRY FINK,**
     **Plaintiff,**                               **Civil Action No. 7:18-cv-00392**

**v.**                                             **<u>ORDER</u>**

                                              **By:**    **Hon. Robert S. Ballou**
**MIDDLE RIVER REGIONAL JAIL,**    **United States Magistrate Judge**
     **Defendant(s).**

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983. As plaintiff has not prepaid the filing fee, the court shall consider plaintiff's eligibility to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. Inasmuch as the complaint and attachments do not conform to all requirements for <u>in</u> <u>forma</u> <u>pauperis</u> prisoner civil rights actions as promulgated under 28 U.S.C. § 1915(a), it is now

**O R D E R E D**

as follows:

(1)    The complaint shall be conditionally filed pending satisfaction of the requirements set forth herein. Plaintiff is advised that the court will not adjudicate legal and factual matters discussed in either a pleading or motion in this conditionally filed action until plaintiff cures the deficiencies noted in this Order. Accordingly, plaintiff is encouraged to first resolve the noted deficiencies before filing motions or pleadings.

(2)    Plaintiff is assessed fees of $400.00 in this case, which includes a $50.00 administrative fee.

(3)    Plaintiff is hereby granted **the opportunity** to apply to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and is not required to pay the filing fee at this time. If the court determines that the plaintiff may proceed <u>in</u> <u>forma</u> <u>pauperis</u>, plaintiff will be required to pay the $350.00 filing fee without the additional $50.00 administrative fee and may pay the fee in installments withheld from his inmate trust account, pursuant to 28 U.S.C. § 1915(b). To request

authorization to pay the fee in installments withheld from his inmate trust account, pursuant to the requirements of 28 U.S.C. § 1915(a)(2), plaintiff must return to the court an inmate account form, and a certified copy of plaintiff's trust fund account statement for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate prison official of each prison at which plaintiff is or was confined during that six-month period. See enclosed form. The Trust Officer at plaintiff's place of incarceration shall treat this Order as an instruction to provide the plaintiff with additional photocopying service loans to the extent necessary to provide certified copies of the requested trust account statements. FAILURE OF THE PLAINTIFF TO SUBMIT THE REQUESTED INFORMATION WITHIN TWENTY (20) DAYS SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE. This Order may be rescinded if the court determines that plaintiff has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim, pursuant to 28 U.S.C. § 1915(g). Plaintiff is notified that if he does not qualify to proceed without prepayment of the filing fee under § 1915(a)(2), he will be required submit the full $350.00 filing fee and as of May 1, 2013, a $50.00 administrative fee before his civil action can proceed. **Never use tape on any pleading sent to the Court.**

(4)     Plaintiff has submitted a verified statement asserting that plaintiff has exhausted the available administrative remedies. **In reliance on plaintiff's verified statement, the court will not require further proof of exhaustion.** However, plaintiff is hereby advised that if the defendants disagree with his assertion that plaintiff has exhausted available remedies, they may still raise the issue of exhaustion. If the court finds that plaintiff has remedies available that plaintiff has not exhausted, the court may dismiss the action without prejudice, even after plaintiff has consented to paying the filing fee.

(5)     Plaintiff is advised that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee and, as of May 1, 2013, a $50.00 administrative fee, if the prisoner has brought on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Plaintiff is advised that if plaintiff has had prior cases dismissed for any of the above-stated reasons, these prior dismissals may limit plaintiff's ability to file new cases without prepaying the full $400.00 in filing costs. If plaintiff believes that this case, or any other pending case, may be dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, plaintiff may file a motion for voluntary dismissal of such case(s) pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

(6)     Plaintiff shall notify the court in writing immediately upon plaintiff's transfer or release and shall provide a new address. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE.

(7)     Pursuant to a Standing Order of Court, all non-dispositive matters in this case will be referred to a United States Magistrate Judge.

(8)     Plaintiff must include the above referenced case number in any document that plaintiff submits to the court related to this action. Plaintiff's submissions should be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page. In any document plaintiff submits to the court, pursuant to General Rule 8 of the Local Rules of the United States District Court for the Western District of Virginia, plaintiff must omit, black out, or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor children (use initials),

dates of birth (list only the birth year), financial account numbers (list only the last four digits), and home addresses (list only city and state). Submissions that do not comply with this paragraph may be returned to plaintiff without being entered by the court.

All mailed pleadings should be sent to: Clerk, U.S. District Court, 210 Franklin Road, S.W. Suite 540, Roanoke, VA 24011-2208.

The Clerk is directed to send a certified copy of this Order to plaintiff.

ENTER:     This  8th  day of August, 2018.

s/Robert S. Ballou_____
United States Magistrate Judge

# PRISONER TRUST ACCOUNT REPORT

## JERRY FINK v. MIDDLE RIVER REGIONAL JAIL
## CIVIL ACTION NO. 7:18cv00392

**TO: Trust Officer**
**FROM: Clerk, United States District Court for the Western District of Virginia**
**RE: JERRY FINK, Offender ID 1434277**

Under the Prison Litigation Reform Act, a prisoner filing a civil action must obtain from the trust officer of each institution in which the prisoner was confined during the preceding six months a certified copy of the prisoner's trust account statement for the six months prior to the filing of the civil action. Accordingly, **the Trust Officer** is requested to complete this form, attach supporting ledger sheets,[*] and return these documents to the prisoner within 10 days. **When a Trust Account Officer has completed the form and returned it to Plaintiff, along with the six months account statements, it is Plaintiff's responsibility to return these documents to the court.**
**DATE THIS ACTION WAS FILED** August, 2018
Balance on this date this action was filed $_____

| To the Plaintiff: | Total Deposits for six-month prior to filing this action | |
|---|---|---|
| **You are not to fill in or sign the Prisoner Trust Account Report. You must give this form to the Trust Account Officer at each jail or prison facility where you were confined during the six months prior to filing this lawsuit. Were you housed at this facility for six months prior to filing this lawsuit? __Yes __No. If "No," make and send a copy of this Account Report form to any other facility where you were confined during those prior six months.** | Month | Amount |
| | FEB | _____ |
| | MAR | _____ |
| | APR | _____ |
| | MAY | _____ |
| | JUNE | _____ |
| | JULY | _____ |

**AVERAGE MONTHLY DEPOSITS**            $_____

| Account balance on last day of month for six months prior to filing this action | Month | Amount |
|---|---|---|
| **THIS FORM IS TO BE FILLED OUT AND SIGNED BY THE TRUST OFFICER- NOT THE PLAINTIFF- DON'T FORGET TO INCLUDE THE REQUIRED SIX-MONTH STATEMENTS- AFTER TRUST OFFICER SIGNS AND GIVES YOU THE STATEMENTS, SEND THIS FORM AND STATEMENTS BACK TO THE COURT-** | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |

**AVERAGE MONTHLY BALANCE**            $_____

I certify that the above information accurately states the deposits and balances in the prisoner's trust account for the period shown and that the attached statements are true copies of account records maintained in the ordinary course of business.
Trust Officer Signature:_____ Date:_____
*For any months that you leave blank, please indicate the reason (i.e. inmate not yet incarcerated, incarcerated at another jail).*

---

[*] In the event the prisoner has insufficient funds in his/her prisoner trust account to pay for copies of required statements, the facility shall provide the prisoner additional photocopying service loans.